MANNING P. COOKE v. FRANCES W. FUTRELL, INDIVIDUALLY AND AS CLERK OF THE TOWN OF RICH SQUARE AND THE TOWN OF RICH SQUARE, INC.

No. 776DC775

(Filed 1 August 1978)

**Municipal Corporations § 39.2; Taxation § 26— municipal license tax on vehicles — late payment penalty — vehicles licensed by State**

　　Under G.S. 20-97 and G.S. 160A-206, a municipality has the authority to impose a $1.00 license tax and a late payment penalty only upon a motor vehicle licensed by the State of North Carolina; therefore, the trial court erred in holding that a town could impose a $1.00 penalty on plaintiff for his failure to pay the town license tax imposed on motor vehicles within the time required by town ordinance where there was no evidence to support a finding that plaintiff's motor vehicle was licensed by the State on the date the penalty was imposed.

APPEAL by plaintiff from *Long, Judge.* Judgment entered 22 June 1977 in District Court, NORTHAMPTON County. Heard in the Court of Appeals 21 June 1978.

On 17 February 1977, plaintiff registered his automobile with the Town of Rich Square, paid $1.00 for his town license and paid an additional $1.00, under protest, as late filing penalty. Plaintiff initiated action against the defendants jointly and severally, asking $1.00 together with court costs as well as an injunction against the Town of Rich Square from assessing and collecting at any time in the future, from any person, firm or corporation, any amount in excess of $1.00 for the registration and use of any motor vehicle resident in the Town. Plaintiff alleged that the Town and its agent Futrell were in contravention of North Carolina law and both the North Carolina and United States Constitutions, which protect against unjust taxation. Plaintiff alleged that his car was not licensed by the State of North Carolina until 18 February 1977, the day after he was assessed the late payment penalty and that the Town had no authority to assess the penalty. Defendants answered, denying any contravention and pled N.C. G.S. 160A-206 as justification. Three issues were considered by the court, whether the Town was authorized by North Carolina law to impose a late penalty for failure to pay the municipal license tax imposed upon motor vehicles within the time required by ordinance, whether the amount of the penalty was reasonable and whether the imposition violated any constitutional rights.

The parties agreed that there was no argument as to the facts, that their case rested entirely on a question of law. The court answered the three issues presented in favor of the defendants. The court found:

> "That on February 17, 1977 the defendant, Frances W. Futrell, acting in her capacity as Clerk of the Town of Rich Square, and as an agent of the Town of Rich Square, and in the course and scope of her employment, did collect from plaintiff the sum of $1.00 for payment of the municipal license tax imposed upon a motor vehicle owned by the plaintiff, licensed by the State of North Carolina and resident in the Town of Rich Square, and did in addition, collect from plaintiff a penalty in the amount of $1.00 for delinquent payment of the said municipal license tax."

The court further found that plaintiff had paid the penalty under protest. The court concluded that the Town of Rich Square was authorized by G.S. 160A-206 to impose a reasonable penalty for delinquent payment of the municipal license tax, that $1.00 was a reasonable penalty, and that the penalty did not violate any of plaintiff's constitutional rights. The court ordered judgment for defendants and dismissed plaintiff's action with prejudice. From this judgment, plaintiff appeals.

*Boyce, Mitchell, Burns & Smith by G. Eugene Boyce and James M. Day for plaintiff appellant.*

*Cherry, Cherry & Flythe by Charles Slade, Jr. for defendant appellee.*

CLARK, Judge.

Plaintiff argues that the court erred in finding that his payment of the municipal license tax was delinquent because the statutory provisions granting the municipality the power to assess penalty payments make clear that delinquency in paying a municipal license tax can occur only after a reasonable time has elapsed since the vehicle was licensed with the State. Plaintiff contends that his car was not licensed with the State of North Carolina until the day after he was forced to pay the delinquency penalty and that he could not be delinquent because the municipal tax was not yet legally due. The defendants concede that if plain-

tiff's car was not licensed by 17 February 1977, the assessment of the penalty was unlawful. Thus, although the parties at hearing agreed that there was no factual dispute, that the issue was one of statutory construction and application, it is clear that what is really the threshold issue is a factual one — when was plaintiff's car licensed by the State of North Carolina? The court found as fact that plaintiff's car was licensed on 17 February 1977 but the only evidence in the record on appeal on this point was plaintiff's testimony that he bought a State license on 18 February 1977. There is no evidence as to whether this was a new license or a delinquent renewal. There is testimony that plaintiff was not assessed a late payment penalty by the State. Defendants concede that the court erred in its finding as there was no evidence to support it.

G.S. 160A-206 grants general power to cities to impose taxes as follows:

"A city shall have power to impose taxes only as specifically authorized by act of the General Assembly. Except when the statute authorizing a tax provides for penalties and interest, the power to impose a tax shall include the power to impose . . . penalties or interest for failure to pay taxes lawfully due within the time prescribed by law or ordinance. . . ."

G.S. 20-97 authorizes cities and towns to levy not more than one dollar ($1.00) per year upon the use of any such vehicle *"licensed by the State of North Carolina.* . . ." (Emphasis added.) On 8 January 1948 the Town of Rich Square passed a resolution that "all motor vehicle owners shall purchase an [sic] exhibit on motor vehicles town license tags at $1.00 each, not later than February 15th. After that date, a penalty of $1.00 will be imposed, and if after notified, any motorist fails to purchase said tag they shall be cited to court and shall purchase tag, pay penalty and court costs." The statutory pattern thus gives a municipality power to tax and impose a penalty for late payment upon a motor vehicle licensed by the State of North Carolina. Since a municipality can tax only as specifically authorized, the Town Resolution above quoted clearly can affect only vehicles licensed by the State. The Resolution is broad on its face, but is not unconstitutional when construed as part of the statutory pattern. We define "motor ve-

hicles," subject both to the municipal tax and to the late penalty, to be motor vehicles licensed by the State of North Carolina. We are mandated to construe any legislative enactment so as to save its constitutionality, if possible, *State v. Fulcher*, 34 N.C. App. 233, 237 S.E. 2d 909 (1977), *aff'd.* 294 N.C. 503, 243 S.E. 2d 338 (1978), and to avoid a strict interpretation that will result in an absurd and unconstitutional result. *Hobbs v. Moore County*, 267 N.C. 665, 149 S.E. 2d 1 (1966). So construed, the Town Resolution clearly requires a determination that the motor vehicle being registered after 15 February is licensed with the State before assessment of the late payment penalty.

There being no evidence to support the finding of the trial court that the motor vehicle was licensed by the State on 17 February 1977, the judgment is reversed and this cause remanded for proceedings consistent with this opinion.

Reversed and remanded.

Chief Judge BROCK and Judge WEBB concur.